1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
|  | Case No. 14-CV-00200 (VEB) |
| HOLLY J. GREENLAND, | |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

In August of 2011, Plaintiff Holly Greenland applied for Disability Insurance Benefits ("DIB") under the Social Security Act. The Commissioner of Social Security denied the application.

Plaintiff, represented by the Dana Madsen Law Office, Joseph Linehan, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7).

On March 2 2015, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 15).

## II. BACKGROUND

The procedural history may be summarized as follows:

Plaintiff applied for DIB on August 18, 2011. (T at 181-87).[1]  The application was denied initially and on reconsideration and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On February 27, 2013, a hearing was held before ALJ Caroline Siderius. (T at 36).  Plaintiff appeared with an attorney and testified. (T at 42-43, 47-53, 61-70).  The ALJ also received testimony from K. Diane Kramer, a vocational expert (T at 70-75), and Dr. William Hicks, a medical expert (T at 44-47, 53-60).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 11.

DECISION AND ORDER – GREENLAND v COLVIN 14-CV-00200-VEB

On March 22, 2013, the ALJ issued a written decision denying the application for benefits and finding that Plaintiff was not entitled to DIB.  (T at 20-35).  The ALJ's decision became the Commissioner's final decision on May 8, 2014, when the Social Security Appeals Council denied Plaintiff's request for review.  (T at 1-6).

On June 19, 2014, Plaintiff, acting by and through her counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 4). The Commissioner interposed an Answer on August 25, 2014. (Docket No. 10).

Plaintiff filed a motion for summary judgment on February 2, 2015. (Docket No. 14).  The Commissioner moved for summary judgment on March 16, 2015. (Docket No. 16).  Plaintiff filed a reply brief on April 6, 2015. (Docket No. 17).

For the reasons set forth below, the Commissioner's motion is denied, Plaintiff's motion is granted, and this case is remanded for further proceedings.

### III. DISCUSSION

A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

DECISION AND ORDER – GREENLAND v COLVIN 14-CV-00200-VEB

months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20

C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful

DECISION AND ORDER – GREENLAND v COLVIN 14-CV-00200-VEB

activity and (2)  a "significant number of jobs exist in the national economy" that

plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's

decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

made through an ALJ, when the determination is not based on legal error and is

supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's]

determination that a plaintiff is not disabled will be upheld if the findings of fact are

supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla,

*Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a

preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989).

Substantial evidence "means such evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401

(1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner]

may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*,

348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a

whole, not just the evidence supporting the decision of the Commissioner. *Weetman*

DECISION AND ORDER – GREENLAND v COLVIN 14-CV-00200-VEB

1    *v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525,

2    526 (9th Cir. 1980)).

3         It is the role of the Commissioner, not this Court, to resolve conflicts in

4    evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational

5    interpretation, the Court may not substitute its judgment for that of the

6    Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

7    Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be

8    set aside if the proper legal standards were not applied in weighing the evidence and

9    making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d

10   432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the

11   administrative findings, or if there is conflicting evidence that will support a finding

12   of either disability or nondisability, the finding of the Commissioner is conclusive.

13   *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

14   **C.    Commissioner's Decision**

15        The ALJ found that Plaintiff met the insured status requirements of the Social

16   Security Act through June 30, 2012 (the "date last insured").  The ALJ determined

17   that Plaintiff did not engage in substantial gainful activity ("SGA") between January

18   1, 2006 (the alleged onset date) and the date last insured.  The ALJ found that, as of

19   the date last insured, Plaintiff's degenerative disc disease of the lumbar spine,

20

DECISION AND ORDER – GREENLAND v COLVIN 14-CV-00200-VEB

history of ankle injuries with arthritis, osteoarthritis of the shoulder, obesity, depression, anxiety disorder/posttraumatic stress disorder, and borderline personality disorder were "severe" impairments under the Act. (Tr. 25).

However, the ALJ concluded that, as of the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 25-26).

The ALJ determined that, as of the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform light work. (T at 26).   However, the ALJ found that Plaintiff was limited to standing/walking 4 hours per day at no more than 30 minute intervals; would need to change/adjust position every hour and was precluded from engaging in activities that involved unprotected heights and should only occasionally engage stairs/ramps; is limited to occasionally bending, stooping, and crouching and must have no concentrated exposure to airborne pollutants; is precluded from working with heavy or moving machinery or equipment and performing any pushing, pulling, or overhead activities; is limited to one-to-three step tasks/activities and should have only superficial contact with the public. (T at 26).

The ALJ concluded that, as of the date last insured, Plaintiff was not able to perform her past relevant work as a cashier or in-home caregiver. (T at 30).

DECISION AND ORDER – GREENLAND v COLVIN 14-CV-00200-VEB

However, considering Plaintiff's age (39 as of the date last insured), education (high school equivalency), work experience, and RFC, the ALJ determined that, through the date last insured, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (T at 30-31).

As such, the ALJ concluded that Plaintiff was not disabled, as defined under the Social Security Act, between the date last insured and March 22, 2013 (the date of the decision) and was therefore not entitled to benefits. (Tr. 31).  As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (Tr. 1-6).

**D.   Plaintiff's Arguments**

Plaintiff contends that the Commissioner's decision should be reversed.  She offers two (2) principal arguments in support of this position.  First, Plaintiff challenges the ALJ's credibility analysis.  Second, Plaintiff argues that the ALJ failed to appropriately assess the opinion of Dr. Arnold, an examining provider. This Court will examine both arguments in turn.

DECISION AND ORDER – GREENLAND v COLVIN 14-CV-00200-VEB

# IV. ANALYSIS

**A.    Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, Plaintiff testified as follows:

She cannot lift and has difficulty being "on her feet" for extended periods. (T at 49).  She tried working as a Safeway cashier, but was unable to stand throughout the day. (T at 49).  She can sit for 20-25 minutes before needing to stand up. (T at 50).  She has difficulty being around crowds. (T at 50).  Her panic attacks in public places have increased in the last few years. (T at 51).  Ankle issues have been a frequent problem. (T at   52).  She lives with her husband and teenage children. (T at 61).  She helps with basic childcare responsibilities, does light housework, and spends most of her day watching TV.  (T at 62).  Sustained sitting causes numbness

DECISION AND ORDER – GREENLAND v COLVIN 14-CV-00200-VEB

in her right leg. (T at 64).  Her ankle swells if she stands during the course of the

day. (T at 64).  She keeps her feet elevated for about three hours per day. (T at 64).

She can walk a couple blocks a day and can lift no more than 10 pounds. (T at 65).

If she had to stand in line for 20 minutes, Plaintiff would begin sweating and feel

like she was "in tears." (T at 65).  She uses an electric cart when grocery shopping.

(at t 65).  She avoids climbing stairs because of back pain. (T at 66).  Daily fatigue is

an issue. (T at 68).

The ALJ found that Plaintiff's medically determinable impairments could

cause the alleged symptoms, but concluded that her statements concerning the

intensity, persistence, and limiting effects of those symptoms were not credible to

the extent alleged. (T at 27).  This Court finds the ALJ's assessment with respect to

Plaintiff's complaints of physical limitations supported by substantial evidence.

Plaintiff's physical impairments improved with methadone treatments and

epidural injections. (T at 28, 303, 340, 350, 362, 426, 432, 469).  Electrodiagnostic

testing for carpal tunnel syndrome and cervical radiculopathy testing was normal. (T

at 365-68).  A 2012 MRI indicated stable, mild changes in Plaintiff's shoulder and a

CT scan of her lower back showed moderate and mild foraminal stenosis with no

significant canal stenosis. (T at 668, 672).  Treatments notes indicated an ability to

DECISION AND ORDER – GREENLAND v COLVIN 14-CV-00200-VEB

manage a schedule, care for children, and perform activities of daily living. (T at 29).

Dr. William Hicks, a medical expert, testified at the administrative hearing. Dr. Hicks reviewed the medical record, discussed it in detail, and opined that Plaintiff could lift and carry 10-20 pounds, walk/stand for 4-6 hours, and would need to avoid overhead work with her right arm. (T at 56). He noted no evidence to support Plaintiff's claim that she needed to elevate her legs during the day. (T at 56). Dr. Hicks recognized that Plaintiff had pain and reported that he was limiting her to sedentary work. (T at 59). Although the ALJ found that Plaintiff could perform light work, the RFC is generally consistent with Dr. Hicks's opinion (i.e. lifting/carrying 10-20 pounds, standing/walking for 4 hours) and, indeed, is in some respects more restrictive and thus more favorable from the perspective of Plaintiff's claims (e.g. standing/walking limited to 30 minute intervals, requires the ability to change positions every hour). (T at 26). "[A]n ALJ may give greater weight to the opinion of a non-examining expert who testifies at a hearing subject to cross-examination." *Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995) (citing *Torres v. Secretary of H.H.S.*, 870 F.2d 742, 744 (1st Cir. 1989)).

Accordingly, this Court finds no reversible error in the ALJ's decision to discount Plaintiff's physical complaints. However, the ALJ's assessment of

DECISION AND ORDER – GREENLAND v COLVIN 14-CV-00200-VEB

Plaintiff's mental health complaints was flawed for the reasons outlined below.  In particular, the ALJ did not appropriately develop the record concerning Plaintiff's mental health limitations and did not provide legally sufficient reasons for discounting the opinion of Dr. John Arnold.

**B.    Dr. Arnold's Assessment**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

Dr. John Arnold, an examining psychologist, completed a psychological assessment report in May of 2009.  Dr. Arnold diagnosed major depression (recurrent, moderate rule out bipolar disorder), post-traumatic stress disorder (delayed onset), undifferentiated somatoform disorder, personality disorder NOS with borderline and antisocial features, and chronic pain (by history). (T at 616-17).

He assigned a Global Assessment of Functioning ("GAF")[2] score of 50 (T at 617), which is indicative of serious impairment in social, occupational or school functioning. *Onorato v. Astrue,* No. CV-11-0197, 2012 U.S. Dist. LEXIS 174777, at *11 n.3 (E.D.Wa. Dec. 7, 2012). He described Plaintiff's prognosis as "Guarded to Poor." (T at 617). Dr. Arnold noted that his testing indicated "exaggeration of particular problems" and over-reporting of symptoms, but considered this a "plea for help," rather than malingering. (T at 615).

Dr. Arnold also completed a checkbox assessment, in which he opined that Plaintiff had marked limitation with regard to carrying out detailed instructions, maintaining attention and concentration for extended periods, accepting instructions and responding appropriately to criticism from supervisors. (T at 618-19). He also diagnosed extreme impairment with regard to Plaintiff's ability to perform activities within a schedule, maintain regular attendance, and be punctual, complete a normal workday, and perform at a consistent pace. (T at 618).

The ALJ rejected Dr. Arnold's assessment. (T at 29). The ALJ noted that Plaintiff was able to engage in activities of daily living and participate in child care. (T at 29). However, "[t]he Social Security Act does not require that claimants be

---

[2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – GREENLAND v COLVIN 14-CV-00200-VEB

utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

"The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . ., and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases." *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) (cited with approval in *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014)).

Before rejecting Dr. Arnold's finding of extreme impairment with regard to Plaintiff's ability to perform activities within a schedule, maintain regular attendance, and be punctual, complete a normal workday, and perform at a consistent pace (T at 618), the ALJ was obliged to carefully consider whether Plaintiff's ability to perform activities of daily living such as basic child care and attending to medical appointments would translate to the demands of competitive,

DECISION AND ORDER – GREENLAND v COLVIN 14-CV-00200-VEB

remunerative employment.  The ALJ was subject to a heightened burden because Dr. Arnold's opinion was not contradicted by any treating or examining provider.

In addition, the ALJ rejected Dr. Arnold's opinion on the grounds that it was based on Plaintiff's self-reports. (T at 29). However, Dr. Arnold examined Plaintiff, conducted testing, and rendered an assessment based on his observation and experience.

Given the extensive limitations noted by Dr. Arnold, the ALJ should have considered a consultative examination.  It is well-settled that "the ALJ has a duty to assist in developing the record." *Armstrong v. Commissioner of Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998); 20 C.F.R. §§ 404.1512(d)-(f); *see also Sims v. Apfel*, 530 U.S. 103, 110-11, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . .").

"An ALJ's duty to develop the record further is triggered . . . when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). One of the tools the ALJ has to develop the record is the ability to order a consultative examination, *i.e.*, "a physical or mental examination or test purchased for [a

DECISION AND ORDER – GREENLAND v COLVIN 14-CV-00200-VEB

claimant] at [the Commissioner's] request and expense." 20 C.F.R. §§ 404.1519, 416.919.

Here, the record contained ambiguous evidence – Dr. Arnold's opinion and Plaintiff's testimony indicated significant health impairments; while Plaintiff's activities of daily living and lack of mental health treatment suggested an ability to perform basic work activities, with limitations consistent with those contained in the ALJ's RFC determination.

In light of the foregoing, the ALJ should have developed the record further by ordering a consultative examination to obtain additional information concerning Plaintiff's mental health impairments.  Accordingly, the ALJ's decision cannot be sustained and a remand is required.

## C.    Remand

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

DECISION AND ORDER – GREENLAND v COLVIN 14-CV-00200-VEB

1    Here, for the reasons outlined above, this Court find that the ALJ's decision is

2  not supported by substantial evidence.  A remand for further proceedings is proper.

3  It is not clear from the record that Plaintiff is disabled.   Reconsideration of

4  Plaintiff's testimony and Dr. Arnold's opinion, after further development of the

5  record, is the appropriate remedy.

6                              **IV. ORDERS**

7  IT IS THEREFORE ORDERED that:

8    Plaintiff's motion for summary judgment, Docket No.  14, is GRANTED.

9    The Commissioner's motion for summary judgment, Docket No. 16, is

10  DENIED.

11    This case is remanded for further proceedings.

12    The District Court Executive is directed to file this Order, provide copies to

13  counsel, enter judgment in favor of Plaintiff, and close this case.

14    DATED this 21st day of May, 2015.

15

16                              /s/Victor E. Bianchini
                                VICTOR E. BIANCHINI
17                              UNITED STATES MAGISTRATE JUDGE

18

19

20

DECISION AND ORDER – GREENLAND v COLVIN 14-CV-00200-VEB